**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANDREY CHERBA,<br><br>              Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>              Respondent. | No.   14-72134<br><br>Agency No. A071-378-762<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and LYNN,[***] Chief District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

Andrey Cherba seeks to reopen his case so that he can apply for asylum, withholding of removal, and protection under the Convention Against Torture based on changed circumstances in Ukraine.[1]  We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

1.      The Board of Immigration Appeals ("BIA") did not err in failing to find a presumption of future persecution.  Even assuming that Cherba's previously granted refugee status was based on past persecution on account of his Christian religion,[2] he cannot now use that religious persecution as the basis for a presumption for future persecution based on an imputed political opinion.  *See* 8 C.F.R. § 1208.13(b)(1); *Ali v. Holder*, 637 F.3d 1025, 1029-30 (9th Cir. 2011).

2.      The BIA did not abuse its discretion in concluding that Cherba failed to establish materially changed conditions in Ukraine.  Cherba asserted that, because he is a Russian speaker, a pro-Russian opinion will be imputed to him, subjecting

---

[1] There is no dispute that Cherba's motion to reopen was time and number barred.  *See* 8 C.F.R. § 1003.2(c)(2)-(3).  However, these limitations do not apply if the motion is filed for the purpose of seeking asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered. "  8 C.F.R. § 1003.2(c)(3)(ii).

[2] Because Cherba did not assert before the BIA that he feared returning to Ukraine on account of his religion, any claim on this ground is unexhausted.  *See* *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

2

him to persecution.[3] The BIA recognized that Ukraine has experienced civil unrest. However, the changes in Ukraine were not material to Cherba's circumstances. The BIA reasonably concluded that, even though Ukraine is divided into two distinct political groups, speaking Russian (by itself) would not single Cherba out for persecution. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998-99 (9th Cir. 2003). Cherba did not suggest that he was involved in political activities that would single him out for persecution. Therefore, Cherba failed to make a prima facie showing that he is eligible for asylum, withholding of removal, and protection under the Convention Against Torture. Accordingly, the BIA's decision was not arbitrary, irrational, or contrary to law.[4] *See Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

---

[3] Cherba argued before the BIA that he also has the potential to be conscripted into the Ukrainian military and may be seen as an American spy. Cherba did not address these two reasons in his opening brief. They are therefore waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

[4] Because we conclude that the BIA did not abuse its discretion in denying the motion to reopen and thus did not commit error, we need not address Cherba's due process claims. *See* 8 U.S.C. § 1229a(c)(7)(B); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [the petitioner] must show error and substantial prejudice.").